**IN THE MIDDLE DISTRICT OF FLORIDA**
**UNITED STATES DISTRICT COURT**
**TAMPA DIVISION**

**JERRY EDWARDS,**

> **Plaintiff,**

**vs.**                                                **CASE NO.:**

**PARALLEL PRODUCTS**
**OF FLORIDA, LLC,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JERRY EDWARDS ("Plaintiff"), by and through his undersigned counsel, hereby sues the Defendant, PARALLEL PRODUCTS OF FLORIDA, LLC, ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.     Plaintiff, JERRY EDWARDS, is a resident of Pasco County, Florida.

4.      Defendant, PARALLEL PRODUCTS OF FLORIDA, LLC, is a Foreign Limited Liability Company, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

5.      Defendant, PARALLEL PRODUCTS OF FLORIDA, LLC, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to bringing this action have occurred.

7.      Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8.      180 days have passed since the filing of the Charge of Discrimination.

9.      A Right to Sue was issued on June 13, 2025.

## FACTUAL ALLEGATIONS

10.      In or around June 2024, Plaintiff began his employment with Parallel Products of Florida, LLC as a Maintenance Technician via Vertex Global Staffing.

11.      During Plaintiff's employment, he noticed that Hiram Rodriguez (a Senior level Manager) continually referred to him and other employees as "DAN's."  Plaintiff asked Mr. Rodriguez why he called them "DAN's" as there is no employee who has the first name "Dan."  Mr. Rodriguez told Plaintiff that

2

"DAN" means "dumb ass nigger."

12.    Mike Valtin (Production Supervisor), Ryan Tool (Plaintiff's immediate Maintenance Supervisor), employees Marina (last name unknown) and Ricardo "Chapo" (last name unknown) heard Mr. Rodriguez say this to Plaintiff. Plaintiff asked Mr. Valtin "did he really just say that?" and Mr. Valtin responded by telling Plaintiff "yeah, I can't believe it."

13.    While Mr. Rodriguez's comments were offensive standing alone, Plaintiff found them to be particularly so because his best childhood friend was African-Amercian, and his grandmother helped raise plaintiff and treated him like a member of the family.

14.    In addition to referring to Plaintiff and other employees as "DAN's," Mr. Rodriguez would walk by Plaintiff and slap Plaintiff's front private parts with his hands.  Mr. Rodriguez would also make comments to Plaintiff such as "you better want my nuts in your mouth if you want to keep your job" or "how do my nuts taste?"

15.    On or about September 13, 2024, while Plaintiff and other employees were working especially hard to prepare the plant for a visit from Corporate, Mr. Rodriguez told everyone "you all are just a bunch of fucking DAN's."  Plaintiff immediately opposed Mr. Rodriguez's racist and offensive conduct by complaining that such language and actions were inappropriate, especially in the

3

workplace.

16.    Later that day, Plaintiff contacted Angelo at Vertex Global Staffing to lodge a formal complaint about these concerns.

17.    On or about September 15, 2024, Plaintiff reached out to Ms. Kerrie O'Rourke (Human Resources) with his concerns.  She told Plaintiff that she only accepts verbal complaints.  She took notes of their conversation and told Plaintiff that she would forward them to Mr. Rodriguez's Supervisor Matt (last name unknown).

18.    On or about September 16, 2024, following his complaints, Mr. Rodriguez did not speak to Plaintiff at all.

19.    On at least one occasion, Donovan Bush (co-worker who is black) warned Plaintiff that he better get on board with Mr. Rodriguez or he would be fired.

20.    Plaintiff has knowledge that Ivan (a representative for the black employees at work) told black employees to tell Corporate when they visit the plant that Plaintiff was lying about the "DAN" comments.

21.    On the morning of September 23, 2024, just days after complaining about Mr. Rodriguez's offensive comments and behavior, Plaintiff's employment was terminated.

22.    Add clause that plaintiff has retained lawfirm and obligated to pay

them a fee.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

23.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

24.    Plaintiff is a white male.

25.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

26.    Defendant knew, or should have known of the discrimination.

27.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

　　　　a.    Back pay and benefits;

　　　　b.    Interest on back pay and benefits;

　　　　c.    Front pay and benefits;

　　　　d.    Compensatory damages for emotion pain and suffering;

　　　　e.    Punitive damages;

　　　　f.    For costs and attorney's fees;

　　　　g.    Injunctive relief;

　　　　h.    For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against

Defendant for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

<u>**COUNT II**</u>
<u>**42 U.S.C. § 1981 - RETALIATION**</u>

28.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

29.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

30.     The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.* and Section 1981.

31.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

  a.     Back pay and benefits;

  b.     Interest on back pay and benefits;

  c.     Front pay and benefits;

  d.     Interest on front pay and benefits;

  e.     Compensatory damages, including those for emotional pain and suffering;

  f.     Punitive damages;

  g.     Injunctive relief;

6

h.  Attorney's fees and costs; and

i.  All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
## TITLE VII - RACE DISCRIMINATION

32.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

33.  Plaintiff is a member of a protected class under Title VII.

34.  By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of Title VII of the Civil Rights Act.

35.  Defendant knew, or should have known of the discrimination.

36.  As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotion pain and suffering;

e.  Punitive damages;

7

f.      For costs and attorney's fees;

g.      Injunctive relief;

h.      For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

<u>**COUNT IV**</u>
<u>**TITLE VII - RETALIATION**</u>

37.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

38.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

39.     The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.*

40.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

8

  d.  Interest on front pay and benefits;

  e.  Compensatory damages, including those for emotional pain and suffering;

  f.  Punitive damages;

  g.  Injunctive relief;

  h.  Attorney's fees and costs; and

  i.  All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

**COUNT V**
**FCRA- RACE DISCRIMINATION**

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

42. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

43. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of the Florida Civil Rights Act.

44. Defendant knew, or should have known of the discrimination.

45. As a result of Defendant's unlawful discrimination, Plaintiff has

9

suffered and continues to suffer the following damages:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotion pain and suffering;

      e.     For costs and attorney's fees;

      f.     Injunctive relief;

      g.     For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

**COUNT VI**
**FCRA – RACE DISCRIMINATION RETALIATION**

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

47. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760 and/or participating in an investigation

48. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

49. As a result of Defendant's unlawful retaliation, Plaintiff has suffered

and continues to suffer the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    For costs and attorney's fees;

    f.    Injunctive relief;

    g.    For any other relief, this Court deems just and equitable.

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – SEXUAL HARASSMENT

50.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

51.    Plaintiff is a member of a protected class.

52.    The aforementioned actions by Defendant constitute unwelcome sexual harassment.

53.    The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

54.    Defendant knew of or should have known of the harassment to

11

Plaintiff.

55. The aforementioned actions constitute discrimination on the basis of sex, in violation of the Florida Civil Rights Act ("FCRA"), Chapter 760.01, *Florida Statutes, et seq.*

56. Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

57. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

58. Plaintiff realleges and adopts, as if fully set forth herein, the

12

allegations stated in paragraphs 1 through 22.

59.     Plaintiff suffered the above-described adverse employment action(s) for opposing an employment practice made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760.01, *Florida Statutes, et seq.*

60.     The above-described acts of retaliation constitute a violation of the FCRA, for which Defendant is liable.

61.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a.     Back pay and benefits;

  b.     Prejudgment interest on back pay and benefits;

  c.     Front pay and benefits;

  d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e.     Punitive damages;

  f.     Attorneys' fees and costs;

  g.     Injunctive relief; and

  h.     For any other relief this Court deems just and equitable.

## COUNT IX
## TITLE VII – SEXUAL HARASSMENT

62.     Plaintiff realleges and adopts, as if fully set forth herein, the

13

allegations stated in paragraphs 1 through 22.

63.     Plaintiff is a member of a protected class of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*

64.     The aforementioned actions by Defendant constitute unwelcome sexual harassment.

65.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

66.     Defendant knew of or should have known of the harassment to Plaintiff.

67.     The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.*

68.     Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

69.     As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff prays for the following damages against Defendant:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering,

14

inconvenience, loss of enjoyment of life and humiliation;

e.    Punitive damages;

f.    Attorneys' fees and costs;

g.    Injunctive relief; and

h.    For any other relief this Court deems just and equitable.

## COUNT X
## TITLE VII – RETALIATION

70.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 22.

71.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

72.    The above described acts of retaliation constitute a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq*.

73.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will to continue to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

15

e.      Punitive damages;

f.      Attorneys' fees and costs;

g.      Injunctive relief; and

h.      For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

74.     Plaintiff, JERRY EDWARDS, requests a jury trial on all issues so triable.

DATED this 8th day of September, 2025.

**FLORIN | GRAY**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
mbouzas@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Attorneys for Plaintiff*

16